# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSE M. AVILES,<br><br>            Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security<br>Administration,<br><br>            Defendant. | Case No. 2:15-cv-01275-RCJ-CWH<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

This case involves judicial review of an administrative action by the Commissioner of Social Security ("defendant") denying Plaintiff Jose M. Aviles's ("plaintiff") application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Before the Court is plaintiff's Motion for Reversal or Remand (doc. # 16), filed October 19, 2015, and defendant's Response and Cross-Motion to Affirm (docs. # 17, # 18),[1] filed November 18, 2015. Also before the Court is plaintiff's Reply (doc. # 19), filed December 7, 2015. This action was referred to the undersigned magistrate judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4.

## BACKGROUND

In March 2010, plaintiff applied for disability insurance benefits and supplemental security income, alleging an onset date of October 1, 1986.[2] AR[3] 117-29, 136-42. Plaintiff's claim was denied initially on

---

[1] Defendant filed both an opposition to plaintiff's motion and a cross-motion to affirm. See Docs. # 17, # 18. This Court's review of these two documents reveals that the arguments presented are identical. Therefore, this Court refers only to defendant's cross-motion, doc. # 17, even though an identical argument is presented in defendant's opposition, doc. # 18.

[2] The Court notes that while the ALJ considered a disability onset date of October 1, 1986, which plaintiff does not dispute, the record actually reflects an alleged onset date of January 1, 1985. See AR 117, 123, 137.

[3] AR refers to the administrative record lodged with this Court. See Doc. # 15.

1  May 4, 2010, and upon reconsideration on December 22, 2010. AR 74-79, 81-83. A hearing was held
2  before an Administrative Law Judge ("ALJ") on October 7, 2011. AR 53-71. On October 25, 2011, the
3  ALJ issued a decision finding plaintiff was not disabled from October 1, 1986, through the date of the
4  decision. AR 36-52. The Appeals Council subsequently denied plaintiff's request for review, rendering
5  the ALJ's decision final.[4] AR 16-22. On July 6, 2015, plaintiff commenced the instant action for judicial
6  review pursuant to 42 U.S.C. §§ 405(g) and 1383(c). See Doc. # 3.

## DISCUSSION

**1.  Legal Standards**

   **a.  Judicial Standard of Review**

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). Section 405(g) states that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002). The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." Id. The Ninth Circuit reviews de novo a decision issued by a district court in such cases. Batson v. Commissioner, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); Ukolov v. Barnhart, 420 F.3d 1002 (9th Cir. 2005). However, these findings may be set aside if they are based on legal error or not supported by substantial evidence. See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006); see also Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); see also Bayliss v. Barnhart, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, a court reviews "the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th

---

[4] The ALJ's decision becomes the final administrative decision of defendant.

1  Cir. 1998); see also Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). The Commissioner's findings
2  must be upheld if supported by inferences reasonably drawn from the record. Batson, 359 F.3d at 1193.
3  When the evidence supports more than one rational interpretation, a court must defer to the
4  Commissioner's interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005); see also Flaten v.
5  Sec'y of Health and Human Serv., 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue is not
6  whether the Commissioner could reasonably have reached a different conclusion, but whether the final
7  decision is supported by substantial evidence.

8  It is incumbent on the ALJ to make specific findings so the court does not speculate as to the basis
9  of the findings when reviewing the Commissioner's decision. Mere cursory findings of fact without
10 explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. Lewin
11 v. Schweiker, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and
12 analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations
13 on which the ultimate factual conclusions are based." Id.

14 **b.    Disability Evaluation Process**

15 An individual seeking disability benefits has the initial burden of proving disability. See Roberts
16 v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995). An individual must demonstrate the "inability to engage in
17 any substantial gainful activity by reason of any medically determinable physical or mental impairment
18 which can be expected . . . to last for a continuous period of not less than 12 months." See 42 U.S.C. §
19 423(d)(1)(A). The individual must provide "specific medical evidence" in support of the claim for
20 disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform prior work, then the
21 burden shifts to the Commissioner to show that the individual can perform other substantial gainful work
22 that exists in the national economy. Batson, 157 F.3d at 721.

23 The ALJ follows a five-step sequential evaluation process in determining whether an individual
24 is disabled. See 20 C.F.R. §§ 404.1520 and 416.920; see also Bowen v. Yuckert, 482 U.S. 137, 140
25 (1987). If at any step the ALJ determines that he or she can make a finding of disability or nondisability,
26 a determination will be made and no further evaluation is required. See 20 C.F.R. §§ 404.1520(a)(4) and
27 416.920(a)(4); see also Barnhart v. Thomas, 540 U.S. 20, 24 (2003). The first step requires the ALJ to
28 determine whether the individual is currently engaging in substantial gainful activity. 20 C.F.R. §§

404.1520(b) and 416.920(b). Substantial gainful activity is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b) and 416.972(a)-(b). If the individual is currently engaging in substantial gainful activity, then a finding of not disabled is made. If the individual is not engaging in substantial gainful activity, then the analysis proceeds to step two.

The second step addresses whether the individual has a medically determinable impairment, or combination of impairments, that is severe and significantly limits performance of basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. See 20 C.F.R. §§ 404.1521 and 416.921; Social Security Rulings ("SSR") 85-28, 96-3p, and 96-4p.[5] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appedix 1. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509 and 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h) and 416.920(h). If the individual's impairment, or combination of impairments, does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four, but, before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e) and 416.920(e).

The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. See SSR 96-8p. In determining the RFC, an ALJ must consider all relevant evidence, including all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and

---

[5] An SSR constitutes the Social Security Administration's official interpretation of the statute and its regulations. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1224 (9th Cir. 2009); see also 20 C.F.R. § 402.35(b)(1). An SSR is entitled to some deference as long as it is consistent with the Social Security Act and regulations. Bray, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSR 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, an ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927, and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

At step four, the ALJ must determine whether the individual has the RFC to perform past relevant work, which means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years prior to the date that disability must be established. See 20 C.F.R. §§ 404.1520(f) and 416.920(f). In addition, the work must have lasted long enough for the individual to learn the job and performed as substantial gainful activity. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), and 416.965. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any past relevant work or does not have any, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g) and 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates other work exists in significant numbers in the national economy that the individual can do. Yuckert, 482 U.S. at 141-42.

**2.    The ALJ's Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 39-48. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from the onset date of October 1, 1986. AR 41. At step two, the ALJ found that plaintiff had severe impairments of status post hernia repair, cognitive disorder, and depressive disorder. Id. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. Under step four,

the ALJ found that plaintiff had the RFC to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). AR 43. Specifically, the ALJ found that plaintiff was limited to simple tasks and instructions, and could lift and/or carry twenty pounds occasionally and ten pounds frequently. Id. Considering plaintiff's age, education, work experience, and RFC, under step five, the ALJ determined that plaintiff could perform jobs that exist in significant numbers in the national economy. AR 47. Accordingly, the ALJ concluded that plaintiff was not disabled from the onset date of October 1, 1986 until the date of the decision. AR 48.

**3.     Analysis**

Plaintiff seeks reversal or remand of the ALJ's decision, claiming the ALJ erred in deciding step three of the sequential evaluation process, which requires a determination of whether plaintiff has an impairment or combination of impairments that meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Plaintiff explains that he satisfies § 12.05.c of Appendix 1, which requires a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." Doc. # 16 at 7 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05.c). In support, plaintiff points out that: (1) his full scale IQ is 63, verbal IQ is 63, and performance IQ is 69; (2) he has severe impairments of status post hernia repair and depressive disorder, which are distinct from his qualifying IQ score; and (3) he meets the age requirement, as he was born on November 24, 1966, 19 years old on the alleged onset date, and enrolled in special education classes "throughout his schooling." Id. at 12 (citing AR 60, 220, 222-23, 242).

Defendant, in opposition, argues the ALJ properly concluded that plaintiff did not meet all requirements under § 12.05.c. See Doc. # 17 at 4. Specifically, while defendant concedes that plaintiff presented sufficient evidence of "sub-average intellectual functioning with adaptive deficits" prior to the age of 22, defendant argues that consultative physicians who examined plaintiff over a span of eight years "unequivocally" found that plaintiff is capable of performing simple tasks and instructions, with this evidence further supported by plaintiff's ability to engage in fairly normal daily activities. See Doc. # 17 at 8 (citing AR 43, 45-47, 151-52, 155, 223, 245-46). Indeed, defendant points to Dr. Thomas O. Towle's ("Towle") finding that plaintiff: (1) can maintain the attention and concentration necessary to carry out

1    simple one- to two-step instructions; (2) can interact appropriately with supervisors, co-workers, and the
2    general public; and (3) does not manifest mental abnormalities other than a mild intellectual disability.
3    Id. (citing AR 44, 46-47, 222-23). Defendant next points out that while Dr. Kenneth McKay ("McKay")
4    found that plaintiff has poor attention and memory, McKay also found that plaintiff can "understand,
5    remember, and carry out simple tasks," and retain "sufficient cognitive resources to sustain basic
6    employment for a 12-month period" if his depression is treated. Id. at 5 (citing AR 46, 245-46).
7    Moreover, because the ALJ may rely on other evidence to evaluate an IQ score's validity, defendant
8    argues that the ALJ properly considered evidence, such as plaintiff's exaggeration of his symptoms, failure
9    to fully and consistently advise Towle of his substance abuse, and physicians' findings establishing the
10   absence of daily life activity restrictions. Id. at 7 (citing Thresher v. Astrue, 283 F. App'x 473, 475 n. 6
11   (9th Cir. 2008); AR 42, 44-45). Defendant then points out that treatment notes from a September 2010
12   mental examination reveal that plaintiff showed fair attention and concentration, intact memory, average
13   intelligence, and good insight and judgment. Id. at 6 (citing AR 45, 319). Defendant further points out
14   that plaintiff's polysubstance abuse was in remission, plaintiff did not report pain or complications
15   following a July 2010 hernia surgery, and plaintiff did not seek medical assistance until April 2010, but
16   only to request medical personnel to fill out his disability claim paperwork. Id. (citing AR 45-46, 225,
17   234-36, 298, 356). Based on the foregoing, defendant asks the Court to affirm the ALJ's decision or,
18   alternatively, to remand the case for further proceedings.

19      In reply, plaintiff restates his earlier assertions. Plaintiff also argues that defendant improperly
20   cites to physicians' findings to undermine plaintiff's valid IQ score. Plaintiff further argues that
21   defendant's restatement of the ALJ's analysis and findings amounts to nothing more than "post hoc
22   rationalizations of the ALJ's error." Doc. # 19 at 4. Plaintiff therefore asks the Court to reverse the ALJ's
23   decision and direct defendant to award him benefits.

24      This Court is not persuaded by plaintiff's arguments, and agrees with defendant. The record
25   reveals the ALJ properly considered § 12.05.c, along with plaintiff's full scale IQ score of 63, and any
26   impairments that would impose additional and significant work-related limitations. The ALJ concluded
27   that plaintiff has no mental or physical impairments sufficient to establish limitations based on:
28   (1) McKay and Towle's observations and assessments; (2) evidence establishing plaintiff's cognitive

capacity for simple work on a sustained basis with others; (3) evidence of plaintiff's average intelligence and good judgment despite his IQ score; (4) plaintiff's self-reported daily activities;[6] (5) the absence of decompensation, abnormalities, symptoms, restrictions, and treatment that would suggest acute distress; and (6) plaintiff's untruthfulness and exaggeration of his symptoms and/or impairments. Given such, this Court finds that the ALJ carefully reviewed and weighed relevant medical opinions and objective medical evidence in determining step three of the sequential evaluation process, and in rendering a final decision in this case. Contrary to plaintiff's assertions, moreover, the ALJ provided specific, clear, and convincing reasons when considering § 12.05.c., as one of many sections under Appendix 1, in deciding step three of the sequential evaluation process. As such, the Court finds that the ALJ's decision was based on substantial evidence, free from legal error.

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's Motion for Reversal or Remand (doc. # 16) be **denied**.

**IT IS FURTHER RECOMMENDED** that defendant's Cross-Motion to Affirm (doc. # 17) be **granted**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The U.S. Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. Thomas v. Arn, 474 U.S. 140, 142 (1985). This circuit has also held that failure to file objections within the specified time, and failure to properly address and brief the objectionable issues, waives the right to appeal the district court's order and/or appeal factual issues from the order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED: May 5, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

---

[6] Plaintiff reports doing household work, attending to his personal care, going for walks, reading the bible or other books multiple times a day, visiting family members, attending meetings, and watching television. See Doc. # 17 at 8 (citing AR 151-52, 155).